**FILED**

AUG - 5 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IGOR CHEPEL
LYUDMILA ROSSOSHANSKAYA
3320 Hunter Lane
Carmichael, California 95608
(916) 806-3252

IN PRO SE

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

IGOR CHEPEL and
LYUDMILA ROSSOSHANSKAYA     )
                            )   NO: 2:11CV2075 GEB-KJN
                            )        (PS)
           Plaintiffs.      )
                            )   COMPLAINT FOR DAMAGES
                            )   AND DEMAND FOR JURY TRIAL
    vs.                     )
                            )
STATE OF CALIFORNIA DEPARTMENT OF )
INSURANCE, DAVE JONES-COMISSIONER OF)
INSURANCE, NATIONWIDE INSURANCE )
ALLIED INSURANCE, STEVEN WEBER, )
JACK BRIER, CHRIS CARLSON, CRAIG WITT, )
SOPHIA WILLIAMS, and DOES 1 through 20 )
                            )
           Defendants.      )
                            )

I

JURISDICTION AND VENUE

1.      Plaintiff brings this civil rights lawsuit pursuant to 42 U.S.C. section 1983 to redress the deprivation by Defendants, under color of state law, of rights secured to the Plaintiff under the United States Constitution, including the First, Fourth and Fourteenth Amendments, and under federal law.

2.      Jurisdiction is conferred on this Court by 28 U.S.C. sections 1343 (3) and

1

1343 (4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. section 1983. Jurisdiction is also conferred by 28 U.S.C. section 1331 insofar as the claims for relief derive from the United States Constitution and the laws of the United States.

3. By virtue of 28 U.S.C. section 1367 this court has supplemental jurisdiction over ancillary claims brought pursuant to State law.

4. Venue properly lies in the Eastern District of California pursuant to 28 U.S.C. section 1391 (b) insofar as all parties reside and the acts alleged occurred in this federal district.

## II
## PARTIES

5. Plaintiff, IGOR CHEPEL, is a citizen of the United States and resides in Sacramento County, in Sacramento, California.

6. Plaintiff, LYUDMILA ROSSOSHANSKAYA, is a citizen of the United States and resides in Placer County, in Roseville, California.

7. Defendant, CALIFORNIA DEPARTMENT OF INSURANCE is a governmental agency which promulgated and/or permitted the policies, patterns and practices under which the individual Defendants committed the acts complained of in this Complaint.

8. Defendant, DAVE JONES is and at all times pertinent hereto was the Commissioner of the Defendant, the California Department of Insurance

9. Defendant, NATIONWIDE INSURANCE, is an Insurance Company licensed by the Defendant, California Department of Insurance, whose acts as alleged herein were performed with the authorization of the Defendant, The California Department of Insurance and was at all times material to this matter.

10. Defendant, CRAIG WITT, whose acts as alleged herein were performed under color of state law, was at all times material to this matter a Senior Compliance Officer, employed by the Defendant, The California Department of Insurance.

11. Defendant, ALLIED INSURANCE was at all times pertinent herein a member of Defendant, Nationwide Insurance Company, whose acts as alleged herein were performed with the authorization

of the Defendant, The California Department of Insurance and the Defendant, Nationwide Insurance Company and was at all times material to this matter.

12. Defendant, STEVEN WEBER was at all times pertinent herein a Senior Investigator with the Defendant, Allied Insurance.

13. Defendant, JACK BRIER was at all times pertinent herein an Investigator with the Defendant, Allied Insurance.

14. Defendant, CHRIS CARLSON was at all times pertinent herein a claims Adjuster with the Defendant, Allied Insurance.

15. Defendant, SOPHIA WILLIAMS was at all times pertinent herein a Claims Adjuster Supervisor with the Defendant, Allied Insurance Defendant and responsible for directing and approving the works and instructions for Defendants, Jack Brier, Steven Weber and Chris Carlson.

16. Plaintiff is unable to identify additional officials of Defendant CALIFORNIA DEPARTMENT OF INSURANCE who, acting under color of state law, participated in the actions that resulted in the constitutional injuries suffered by Plaintiffs but will supplement this Complaint immediately upon their identification through the discovery processes of this Court.

## III

## FACTUAL ALLEGATIONS

17. On or about January 10, 2011 at approximately 7:00 p.m., Plaintiff, LYUDMILA ROSSOSHANSKAYA, was rear ended in her automobile by one Ms. Yuliya Goga whom was insured by the Defendant, Allied Insurance, a member of Defendant Nationwide Insurance.

18. The impact of this collision was so severe that the vehicle that Plaintiff Lyudmila Rossoshanskaya was driving at the time of the collision was totaled and so was the vehicle being driven by Ms. Yuliya Goga. Further, both parties were injured as a result of this collision.

19. On or about January 12, 2011 the Plaintiff, Lyudmila Rossoshankaya authorized her Uncle, Plaintiff, IGOR CHEPEL to represent her in the resolution of her property damage claim and her bodily injury claims, pursuant to California Code of Regulation (CCR) section 2695.2(c), title 10, chapter 5.

20. On January 17, 2011 the Defendant, Allied Insurance through Defendant, Chris Carlson acknowledge the representation of the Plaintiff Igor Chepel.

21. Plaintiff Igor Chepel took a recorded statement from Yuliya Goga whereby Yuliya Goga admitted to him that she was responsible for the above reference accident and that she had violated the California Vehicle Code Section 22350, that she was driving at an unsafe speed.

22. As a result of this accident Plaintiff Lyudmila Rossoshanskaya suffered both property damage and bodily injuries.

23. Although the Defendant's insured admitted her fault in this accident, the Defendant, Allied Insurance has refused and continues to refused to resolve this matter.

24. Both plaintiffs, Ms. Rossoshanskaya and Mr. Chepel are of Russian Heritage and are naturalized citizens of the United States.

25. The Defendant Allied Insurance, through it's agents, Defendants, Steven Weber, Chris Carlson, Jack Brier and Sophia Williams has discriminated against the plaintiffs by refusing to determine liability in this matter in violation of CCR section 2695.7(a) whereby it states that an insurer may not discriminate in it claims settlement process.

26. On March 10, 2011, Ms. Yuliya Goga sent a letter to the Defendant, Allied Insurance via the Defendant Chris Carlson whereby she admitted that the cause of the accident was her fault and that she felt badly that the accident occurred and that her friend was hurt. She also reiterated that this was an accident.

27. The Defendant, Allied Insurance through it agents, defendants, Chris Carlson, Steven Weber, Jack Brier and Sophia Williams, acting within the scope of their respective authorities has violated the CCR section 2695.7(b) which states that they must resolve liability within 40 days unless they suspect fraud then they can take up to 80 days pursuant CCR section 2695.7(k).

28. Since the defendants had notice of this Claim since January 12, 2011 they should have made a decision regarding liability no later than April 2, 2011. However at the time of the filing of this Complaint the Defendants' still had not made a determination regarding liability in violation of CCR section 2695.7(k).

29. Defendants instead of simply making a decision regarding liability decided to send this case to the special investigation unit solely for the purpose of harassment, manipulation and discrimination because of the Plaintiffs' Russian heritage.

30. Plaintiff Igor Chepel is one of the leaders in the Russian Community and has resided in the United Stated for over 22 years. During that time period many of his relatives have migrated to the

United States for a better way of life and to practice their religious freedoms without fear of being persecuted.

31. Over the past 22 years Plaintiff Igor Chepel relatives in the united States has multiplied and the number of his relatives here in the United States including, sisters, brother nieces, nephew, cousins in-laws, mother, aunts and uncles number close to 200 peoples.

32. Of that 200 relatives 5 of them have claims with the Defendant Nationwide insurance. In each instance Nationwide insurance, through it agents are discriminating against all of them by sending all of their cases to the Special Investigation unit with the Defendant Mr. Steven Weber.

33. These cases are being sent to the Defendant Mr. Steven Weber because they are Russians and it is the design of the Defendant's to stall, manipulate, harass, drag their feet, black mail these claimants all because of their Russian Heritage.

34. In these cases the common theme used by the Defendants and each of them is to treat these Russian Claimants like dirt, as if they got off of the boat last night and are stupid and do not know better. Although these Claimants are Russian they are not stupid and they are Human Being and American Citizens and are protected by the Constitution of the United States just as all other American Citizens as well as the California Code of Regulations.

35. In these cases the Defendants are running a scam by insisting that the claimants prove their relationship with the Plaintiff, Igor Chepel, although they have not said how they would like for these claimants to prove their relationship. No Caucasian claimants are being asked to prove their relationship to the claimants only the Russian Claimants.

36. This scam is akin to the scam that white folks were running on black folks right after slavery by insisting that in order to exercise their right to vote their grandfather must have voted, when they knew that their grandfather were slaves and they could not prove their right to vote.

37. In this case the Defendant's are not trying to resolve the liability issue since the Relationship of Plaintiff Igor Chepel to the claimants is not relevant in resolving the liability issue. This is obviously a scam and an attempt to manipulate the system by discriminating against Russian whixch also includes Mr. Chepel also.

38. Plaintiff Igor Chepel's claimant/relatives have cooperated with the Defendants completely but on each occasion these case are still not moving forward. Accordingly each of Plaintiff's relatives has been subpoenaed and will be testifying at the trial of these proceedings as to how Defendant

Steven Weber have used discriminatory tactics to deny or purposefully delay the payment on these legitimate claims.

39. Because of this conduct Plaintiff Igor Chepel as well as Plaintiff Lyudmila Rossoshanskaya has complained to the Defendant the California Department of Insurance about the way that they are being treated. They have told the Defendant, through it's agent Mr. Craig Witt that they feel as though they are being discriminated against.

40. The Defendant the Department of Insurance has ignored the Plaintiffs' complaints by stating that they cannot do anything although according to the California Code of Regulation and the California Insurance Code states that they do have the authority to enforce the provision of the Fair Claims Settlement Practices Act which is codified in the California Code of Regulations.

41. By ignoring the complaints of the Plaintiffs the Defendant, the California Department of insurance and it's Commissioner, Defendant Dave Jones, through it's employee Craig Witt has condone the action of the other defendants and are therefore just as guilty of Discrimination.

42. Whenever the Department of Insurance has responded to the complaints of the Plaintiffs they have sent correspondence that does not say anything and they refuse to enforce the laws of the State of California as set forth in the California Code of Regulations.

43. The Plaintiffs understand that the Department does not care that we are discriminated against, since they are not Russian immigrants or some other minority and that they belong to the same Mafia as the Defendant Insurance Companies.

44. Despite such knowledge, Defendants, and each of them, and in concert with each other, conspired amongst themselves and acted to injure Plaintiffs Igor Chepel and Lyudmila Rossoshanskaya by committing, among others the following acts:

a. Defendant Sophia Williams has Directed the conduct of Defendant JACK BRIER and STEVEN WEBER's investigation that had as its intent and goal, not the ascertainment of true facts, but to justify an action against the Plaintiff Igor Chepel and deprive him of the use of his knowledge to help his relatives although a California Statute states that he may.

b. On or about June 28, 2011, Defendant, Steven Weber in direct violation of the Law of the land and over the objection of Plaintiffs' proceeded to communicate directly with Plaintiff Lyudmila Rossoshanskaya by sending her correspondence directly instead of through her authorized Representative, Plaintiff Igor Chepel.

c. Although Plaintiff Mr. Igor Chepel has cooperated with the Defendant's request and has provided them with everything that they have requested, Defendant Steven Weber has insisted on having ex parte communications with Plaintiff Lyudmila Rossoshanskaya, by lying to her and saying that Mr. Chepel has not cooperated with him. This is slanderous on the part of the Defendant, Steven Weber.

d. This conduct is intentional on the part of Defendant, Steven Weber designed for the sole purpose of harassing, annoyance and to discriminate against the Russian Plaintiffs.

e. The Defendant Steven Weber sends the same letters over and over again requesting the same information over and over again although he has been provided with the requested information previously, although he had been advised that he should not make the same request and the same information

f. The Defendant's and each of them appear to enjoy harassing the Plaintiffs by these annoyances. Defendant, Steven Weber, in another case had taken a recorded statement from the claimants and promised to provide the Plaintiff, Igor Chepel with a copy of said statement as agreed prior to the taking of the statement. He has never provided the Plaintiff with a copy of the recorded statement as promised.

g. The Defendant Steven Weber has threatened the plaintiff, Igor Chepel verbally by stating that the plaintiff would be surprised by what he could do to him or against him. He has threatened to fabricate an allegation that the Plaintiff Igor Chepel is practicing law without a license if Plaintiff fails to prove his relationship with his relatives.

h. All of the above was done with the expressed intent to scare Plaintiff Igor Chepel off so that his relatives would be unprotected and that he could discriminate against them without restriction.

i. Defendant SOPHIA WILLIAMS has condone all of the above mentioned conduct in that she has also personally contacted Plaintiff Lyudmila Rossoshanskaya directly, ignoring her representative, Plaintiff Igor Chepel and lied to Plaintiff Lyudmila Rossoshanskaya by telling her that Igor Chep was not cooperating with them and that his requests that they provide a Court Certified Interpreter for Ms. Rossoshanakaya whom speaks very little English was an unreasonable request.

## IV

### FIRST CLAIM FOR RELIEF
### (For Violation of Plaintiff's Civil Rights under Color of State Law, and for Conspiracy to Violate his Civil Rights under Color of State Law, . Due Process - Liberty Interests-IGOR CHEPEL)

45. Plaintiff re-alleges paragraphs 1 through 44, supra, as though fully set forth here.

46. At all times mentioned in this Complaint, 42 U.S.C. section 1983 provided in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress.

47. Defendants, and each of them, acted individually and in conspiracy with each other to deprive Plaintiff under color of state law of his rights, as guaranteed to him by the United States Constitution and federal law, by committing the acts as more fully set out above.

48. Plaintiff, Igor Chepel has a liberty interest under the Due Process Clause of the Fourteenth Amendment in his reputation as a leader in the Russian Community

49. Plaintiff has a liberty interest under the Due Process Clause of the Fourteenth Amendment in his right to earn a living or to assist his relatives.

50. Defendants, and each of them, in doing the things herein alleged, have acted to deny Plaintiff's fundamental property right to assist his relatives. More specifically, and without detracting from the generality of the foregoing allegations, Defendants have unjustifiably invaded Plaintiff's right to assist his relative and prevent the deceptive practices of unscrupulous insurance adjusters as evidence by reason of the acts alleged above.

51. Defendants, and each of them, acted in concert with each other pursuant to official policies, plans and training of their respective agencies, which are promulagated from and pass down from the Department of Insurance. This Defendant promulgated the policies and plans and conducted the training which manifests a deliberate indifference to the constitutional rights of persons lawfully assisting their relative as authorized by the California Code of Regulation and, more particularly, the rights of Plaintiff.

52. By reason of the acts of these defendants, acting individually and in conspiracy with each other, Plaintiff has suffered the following damages:

a. The loss of Plaintiff's reputation as a leader in the Russian Community

b. Plaintiff has been forced by the acts of Defendants to incur legal fees and expert witness fees in attempting to rebut the false allegations; and

c. Emotional distress associated with and caused by the prosecution, loss of his reputation and economic damage to his business.

53. The acts of which Plaintiff complains began on or before January 2011 and continued to and including the end of July 2011.

54. The above acts of the individual defendants were reckless and malicious and executed in conscious disregard for Plaintiff's rights and welfare, justifying an award of punitive damages and cost according to statute in the amount of $25,000,000.00.

V

**SECOND CLAIM FOR RELIEF**

**(For Violation of Plaintiff's Civil Rights under Color of State Law, and for Conspiracy to Violate her Civil Rights under Color of State Law, . Due Process - Liberty Interests as to Lyudmila Rossoshanskaya)**

55. Plaintiff Lyudmila Rossoshanskaya re-alleges paragraphs 1 through 54, supra, as though fully set forth here.

56. At all times mentioned in this Complaint, 42 U.S.C. section 1983 provided in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation,

custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress.

57. Defendants, and each of them, acted individually and in conspiracy with each other to deprive Plaintiff under color of state law of his rights, as guaranteed to him by the United States Constitution and federal law, by committing the acts as more fully set out above.

58. Plaintiff, Lyudmila Rossoshanskaya has a liberty interest under the Due Process Clause of the Fourteenth Amendment in her reputation in the Russian Community as a hair stylist/barber

59. Plaintiff has a liberty interest under the Due Process Clause of the Fourteenth Amendment in her right to earn a living in her chosen profession.

60. Defendants, and each of them, in doing the things herein alleged, have acted to deny Plaintiff's fundamental property right to earn a living in her chosen profession. More specifically, and without detracting from the generality of the foregoing allegations, Defendants have unjustifiably invaded Plaintiff's right to earn a living by engaging in deceptive and unscrupulous practices as evidence by reason of the acts alleged above.

61. Defendants, and each of them, acted in concert with each other pursuant to official policies, plans and training of their respective agencies, which are promulagated from and pass down from the Department of Insurance. This Defendant promulgated the policies and plans and conducted the training which manifests a deliberate indifference to the constitutional rights of persons lawfully attempting to earn a living in their chosen profession by violating the California Code of Regulation and, more particularly, the rights of Plaintiff, Lyudmila Rossoshanskaya.

62. By reason of the acts of these defendants, acting individually and in conspiracy with each other, Plaintiff has suffered the following damages:

a. The loss of Plaintiff's reputation in the Russian Community

b. Plaintiff has been forced by the acts of Defendants to incur legal fees and expert witness fees in attempting to rebut the false allegations; and

c. Emotional distress associated with and caused by the prosecution, loss of his reputation and economic damage to her right to earn a living in her chosen profession.

63. The acts of which Plaintiff complains began on or before January 2011 and continued to and including the end of July 2011.

64. The above acts of the individual defendants were reckless and malicious and executed in conscious disregard for Plaintiff's rights and welfare, justifying an award of punitive damages in the amount of $25,000,000.00 and cost according to statute.

// // //
// // //

## VI
## THIRD CLAIM FOR RELIEF
(For Violation of Plaintiff's Civil Rights under Color of State Law and .for Conspiracy to Violate his Civil Rights under Color of State Law, Due Process - Property) .

65. Plaintiff re-alleges paragraphs 1 through 64, supra, as though fully set forth herein.

66. Plaintiff has a property interest under the Due Process Clause of the Fourteenth Amendment in her state granted license as a hairstylist/barber.

67. As a result of the Defendant's investigation, interviews, reliance on false and or untrustworthy or fabricated evidence, all of which an objectively reasonable deputy person would have known was in bad faith, defendants, and each of them, acted individually and in conspiracy with one another to deprive Plaintiff under color of state law of her rights, as guaranteed to her by the United States Constitution and federal law, by making the false statements as more particularly set forth above.

68. By reason of the acts of these defendants, acting individually and in a conspiracy with each other, Plaintiff has suffered the damages described in paragraph 29, subparagraphs (a) through (c) which are incorporated here as though fully set forth.

69. As a proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress and mental anguish, embarrassment and humiliation. Defendants engaged in said conduct with deliberate indifference for, and in reckless disregard of Plaintiff's constitutional and statutorily guaranteed rights, with oppression and/or malice and with the intent to cause Plaintiff injury and embarrassment. As a consequence, Plaintiff is entitled to recover compensatory, special and exemplary damages in the amount of $25,000,000.00.

WHEREFORE, Plaintiff prays as follows
1. For compensatory, special and exemplary damages in the amount of $25,000,000.00. for IGOR CHEPEL.
2. For compensatory, special and exemplary damages in the amount of $25,000,000.00. for LYUDMILA ROSSOSHANASKAYA
3. For general damages according to proof;
4. For punitive damages against the individually named defendants in the amount of $100,000.00 for IGOR CHEPEL;
5. For punitive damages against the individually named defendants in the amount of $100,000.00 for LYUDMILA ROSSOSHANSKAYA
6. For costs and fees incurred herein and;
7. For such other relief as the court deems proper.

DATED: AUGUST 4, 2011

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial in this matter.

DATED: August 4, 2011

LYUDMILA ROSSOSHANSKAYA

DATED: August 4, 2011

IGOR CHEPEL

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
IGOR CHEPEL and LYUDMILA ROSSOSHANSKAYA

**(b)** County of Residence of First Listed Plaintiff   Sacramento
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
CALIFORNIA DEPARTMENT OF INSURANCE, NATIONWIDE INSURANCE, ALLIED INSURANCE, et. al.

County of Residence of First Listed Defendant   SACRAMENTO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:
Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 51,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/04/2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example:  U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.