IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IGOR CHEPEL and LYUDMILA ROSSOSHANSKAYA,

        Plaintiffs,                    No. 2:11-cv-2075 GEB KJN PS

    v.

STATE OF CALIFORNIA DEPARTMENT OF INSURANCE, et al.,

        Defendants.               ORDER
_____/

        Plaintiff Igor Chepel ("plaintiff Chepel") and plaintiff Lyudmila Rossoshanskaya ("plaintiff Rossoshanskaya") (collectively, the "plaintiffs") are proceeding without counsel in this action.[1] Plaintiffs filed the operative complaint on August 5, 2011. (Compl., Dkt. No. 1.) Plaintiff Chepel purports to be plaintiff Rossoshanskaya's uncle, but does not purport to appear on her behalf. (Compl. ¶ 19.)

        Presently before the court are both plaintiffs' applications to proceed in forma pauperis. (Dkt. Nos. 2-3.) For the reasons stated below, the undersigned grants plaintiffs' applications to proceed in forma pauperis, but dismisses plaintiffs' complaint without prejudice.

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Plaintiffs are granted leave to file an amended complaint.

The undersigned orders that: (1) plaintiffs' claims against "Dave Jones – Commissioner of Insurance," and "Craig Witt . . . a Senior Compliance Officer, employed by the Defendant, The California Department of Insurance," are dismissed without prejudice; (2) plaintiffs' claims against defendant Allied Insurance and its personnel, individual defendants Steven Weber, Jack Brier, Chris Carlson, and Sophia Williams are dismissed without prejudice; and (3) plaintiffs' claims against defendant Nationwide Insurance are dismissed without prejudice.  The undersigned also orders that, in plaintiffs' amended pleading, plaintiffs are to refrain from re-alleging any claims against defendant the "State of California Department of Insurance," on the grounds that Eleventh Amendment immunity applies to that defendant, as well as to its employees named in their official capacities.

I. Plaintiffs' Application To Proceed In Forma Pauperis

Plaintiffs have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (Dkt. Nos. 2-3.)  Their applications and declarations make the showing required by 28 U.S.C. § 1915(a)(1) and (2).  (See id.)  Accordingly, the undersigned grants both plaintiffs' requests to proceed in forma pauperis.

II. Screening Plaintiffs' Complaint

The determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing

1  entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071
2  (9th Cir. 2009).  A complaint should be dismissed for failure to state a claim if, taking all
3  well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to
4  relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir.
5  2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility
6  when the plaintiff pleads factual content that allows the court to draw the reasonable inference
7  that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty. Learning
8  Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The court
9  accepts all facts alleged as true and construes them in the light most favorable to the plaintiff; the
10 court is "not, however, required to accept as true conclusory allegations that are contradicted by
11 documents referred to in the complaint, and [the court does] not necessarily assume the truth of
12 legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559
13 F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading
14 liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in
15 the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that
16 the plaintiff can correct the defect.  See Lopez, 203 F.3d at 1130-31.  Plaintiff has the
17 responsibility to allege facts to state a plausible claim for relief.  Iqbal, 129 S. Ct. at 1949; Moss
18 v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("bald allegation of impermissible
19 motive" was conclusory and not entitled to an assumption of truth at the pleading stage).
20         Upon review of the complaint, the undersigned dismisses the complaint for failure
21 to comply with the pleading standards described above and for other deficiencies described
22 below.  However, plaintiffs will be granted leave to file an amended complaint.
23     A.    Plaintiffs' Allegations
24         Plaintiffs have sued a state agency — the "State of California Department of
25 Insurance," (the "Department") — and individual defendants alleged to be employees and/or
26 officials of the Department.  Plaintiffs have also sued two private insurance companies,

3

1  Nationwide Insurance ("Nationwide") and Allied Insurance ("Allied"), as well as some of their
2  individual personnel.  Plaintiffs allege three claims for relief: (1) violation of plaintiff Chepel's
3  constitutional rights under 42 U.S.C. § 1983; (2) violation of plaintiff Rossoshanskaya's
4  constitutional rights under 42 U.S.C. § 1983; and (3) violation of plaintiff Rossoshanskaya's
5  Fourteenth Amendment "Due Process – Property" rights "in her state granted license as a
6  hairstylist/barber."  (Compl. ¶ 66.)
7           Generally, plaintiffs' claims arise from their interactions with two private
8  insurance companies following a car accident involving plaintiff Rossoshanskaya and another
9  driver, Yuliya Goga.  (Compl. ¶¶ 17-44.)  Plaintiffs allege that, following the accident, they made
10 an insurance claim with their own insurance provider, Nationwide.  (Id. ¶¶ 32-35.)  Plaintiffs
11 allege that Nationwide has discriminated against them "because of their Russian Heritage."  (Id.)
12 This alleged discrimination occurs through "stall[ing], harass[ing], drag[ging] their feet, [and]
13 blackmail[ing]" plaintiffs in the insurance claims process.  (Id.)  Plaintiffs allege that the other
14 driver's insurance provider, Allied, also discriminated against plaintiffs in the same fashion and
15 because of their Russian heritage.  (Id.)  Plaintiffs allege that Nationwide and Allied "are running
16 a scam" (id. ¶ 35) on them by requiring unidentified "claimants" to "prove their relationship"
17 with plaintiff Rossoshanskaya and by "refusing to determine liability" (id. ¶ 25) for the car
18 accident in a timely fashion.
19          Plaintiffs also allege that they "complained to the Defendant the California
20 Department of Insurance" about alleged discrimination by Allied and Nationwide.  (Id. ¶ 39-44.)
21 Plaintiffs allege that the Department, and its "agent Mr. Craig Witt," have "ignored the Plaintiffs'
22 complaints by stating that they cannot do anything . . . ."  (Id. ¶ 40.)  Plaintiffs allege that, "[b]y
23 ignoring the complaints of [p]laintiffs," the Department and its personnel Craig Witt and Dave
24 Jones necessarily "condone the action of the other defendants and are therefore just as guilty of
25 [d]iscrimination."  (Id. ¶ 41.)  Plaintiffs also allege that the Department "ignore[d]" their
26 complaints because they "belong to the same Mafia as the Defendant Insurance Companies."  (Id.

4

¶ 43.) Aside from "ignoring" plaintiffs' complaints about Allied and Nationwide, plaintiffs also allege that the Department "promulgated the policies and plans and conducted the training which manifests a deliberate indifference to . . . the constitutional rights of . . . Plaintiff[s]." (Id. ¶ 51.)

Plaintiffs allege that this court has original jurisdiction over this case because plaintiffs allege a violation of 42 U.S.C. § 1983. (Id. ¶ 2.) Plaintiffs also allege that this court has supplemental jurisdiction over their other claims by virtue of 28 U.S.C. § 1367. (Id. ¶ 3.)

Plaintiffs each seek $25,000,000.00 in special and exemplary damages. (Id. at 12.) Plaintiffs also seek general and punitive damages, as well as fees and costs. (Id.) Plaintiffs do not seek injunctive relief. (Id.)

### B. Eleventh Amendment Immunity Bars Plaintiffs' Claims Against The Department And Its Personnel Named In Their Official Capacities

As described below, because of the immunity from suit provided by the Eleventh Amendment to the United States Constitution, plaintiffs may not proceed with a federal suit for money damages claims against the Department, or its employees sued in their official capacities.

#### i. The Department

Plaintiffs seek damages arising from three claims.[2] The first and second claims against the Department are expressly pursuant to 42 U.S.C. § 1983. (Compl. at 8-10.) Plaintiffs' third claim against the Department alleges a violation of the Fourteenth Amendment and thus also implicates 42 U.S.C. § 1983.[3] Eleventh Amendment immunity bars all three of these claims

---

[2] Plaintiffs do not seek injunctive relief. (See Compl. at 12.)

[3] Plaintiffs' third claim for relief alleges that all defendants, including the Department, violated plaintiff Rossoshanskaya's Fourteenth Amendment right to property "in her state granted license as a hairstylist/barber" (Compl. ¶ 66). Specifically, plaintiffs allege that all defendants violated plaintiffs' "Due Process – Property" rights secured by the Fourteenth Amendment to the United States Constitution and, as a result, 42 U.S.C. § 1983. (Compl. at 11.) However, the Fourteenth Amendment does not create a direct cause of action. Hughes v. Bedsole, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995). Instead, § 1983 provides a statutory cause of action for all citizens injured by an abridgment of the protections contained in the Constitution, including the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 119-20 (1992); Engquist v. Oregon Dep't of Agric., 553

1  against the Department in this case.

2  The Eleventh Amendment prohibits federal courts from hearing suits brought
3  against a state by its own citizens or citizens of other states. Brooks v. Sulphur Springs Valley
4  Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). The Eleventh Amendment also "bars suits for
5  money damages in federal court against a state, its agencies, and state officials acting in their
6  official capacities." Alolelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1146 (9th Cir. 2007);
7  accord Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007); Simmons v. Sacramento County
8  Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that damages claims alleged
9  against the Superior Court and its employees barred by Eleventh Amendment immunity); see also
10 Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Although state officials literally are persons, an
11 official-capacity suit against a state officer is not a suit against the official but rather is a suit
12 against the official's office. As such it is no different from a suit against the State itself" (citation
13 and quotation marks omitted).).

14 Here, the Department is an arm of the State of California, and the Eleventh
15 Amendment bars plaintiffs' claims against the Department pursuant to 42 U.S.C. § 1983. The
16 Ninth Circuit Court of Appeals has recognized that "[t]he State of California has not waived its
17 Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and
18 the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh
19 Amendment immunity." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir.1999) (citations
20 and quotation marks omitted).

21 Accordingly, a suit against the Department here is, in effect, a suit against the
22 State of California, and plaintiffs' Section 1983 claims against the Department, and its employees

---

25 U.S. 591, 611 (2008) (reiterating that "§ 1983 provides a cause of action for all citizens injured
   by an abridgment of [the] protections" found in the "Due Process Clauses of the Fourteenth
26 Amendment, and other provisions of the Federal Constitution").

6

named in their official capacities, are barred by Eleventh Amendment immunity.[4]  While this order gives plaintiffs leave to amend their pleading, plaintiffs shall not re-allege any claims against the Department, or to its employees named in their official capacities, in any amended pleading.  If plaintiffs continue to pursue claims against the Department within any amended pleading, the undersigned will recommend that such claims be dismissed with prejudice on the Eleventh Amendment immunity grounds described above.

        ii.        <u>Department Personnel Jones And Witt Named In Their Official Capacities</u>

For similar reasons, to the extent that plaintiffs allege Section 1983 claims against defendants Dave Jones ("Jones") and Craig Witt ("Witt"), who are alleged to be employees or officials of the Department and are alleged to have acted in their official capacities, such claims are also barred by the Eleventh Amendment.

State officials sued in their individual capacities, as opposed to their official capacities, do not enjoy Eleventh Amendment immunity from damages claims brought pursuant to 42 U.S.C. § 1983 in federal court.  <u>Hafer</u>, 502 U.S. at 30-31 ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983" (citation omitted).); <u>accord</u> <u>Suever v. Connell</u>, 579 F.3d 1047, 1061 (9th Cir. 2009).  Moreover, the Eleventh Amendment does not bar supplemental state law claims seeking damages against a state official sued in his or her individual capacity.  <u>Ashker v. Cal. Dep't of Corrections</u>, 112 F.3d 392, 394-95 (9th Cir. 1997) (citing <u>Pena v. Gardner</u>, 976 F.2d 469, 473-74 (9th Cir. 1992) (per curiam)).

Here, the complaint names two individual defendants affiliated with the Department: Jones and Witt.  (<u>Id.</u> ¶ 8, 10.)  The complaint does not clearly specify whether these defendants are sued in their individual capacities as opposed to their official capacities.

---

[4] See <u>Lopez</u>, 203 F.3d at 1126-27 (district court must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints unless it determines that the pleading could not possibly be cured by the allegation of other facts).

However, the factual allegations regarding these individuals reflect that all of their alleged conduct occurred in their capacities as Department personnel.  Indeed, one of the two factual allegations pertaining to defendants Jones and Witt reads: "By ignoring the complaints of the Plaintiffs[,] the Defendant, the California Department of [I]nsurance and it[s] Commissioner, Defendant Dave Jones, through it's employee Craig Witt has condone[d] the action of the other defendants and are therefore just as guilty of [d]iscrimination." (Id. ¶ 41.)  The second factual allegation reads: "[plaintiffs] complained to the [Department] about the way that they are being treated [by Allied and Nationwide].  They have told the Defendant, through it[s] agent[,] Mr. Craig Witt[,] that they feel as though they are being discriminated against." (Id. ¶ 39.)  There is no suggestion that defendants Jones and Witt acted under color of state law that could give rise to potential personal liability.  Instead, both defendants are alleged to have acted in their capacities as an "agent" and an "employee" of the Department in responding to plaintiffs' alleged complaints about Nationwide and Allied.

Again, due to Eleventh Amendment immunity, plaintiffs cannot sue the Department, or members of its personnel in their official capacities, for damages in federal court. Accordingly, the claims against Jones and Witt are dismissed.  However, such dismissal is without prejudice.  Plaintiffs shall have the opportunity to amend their pleading to include factual allegations, if any, that would support holding Jones and Witt liable in their *personal* capacities rather than their official capacities.

      C.    <u>Plaintiffs Have Not Alleged Any Basis By Which Private Insurance Company Defendants And Their Personnel Could Be Held Liable Under Section 1983</u>

Plaintiffs' first and second claims for relief allege that Allied and Nationwide are liable under 42 U.S.C. § 1983 for violations of plaintiffs' constitutional rights. (Compl. at 8-10.) Allied, Nationwide, and their employees are all private entities or individuals, not state actors.

For purposes of § 1983, "private parties are not generally acting under color of state law." <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991).  "To state a claim under §

1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009), cert. denied, 130 S. Ct. 1937 (2010). Section 1983 "shields citizens from unlawful government actions, but does not affect conduct by private entities." Apao v. Bank of N.Y., 324 F.3d 1091, 1093 (9th Cir. 2003), cert. denied, 540 U.S. 948 (2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) ("the party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a [governmental] actor") (citation and internal quotation marks omitted; modification in original). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." Sutton, 192 F.3d at 835 (citing American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).

      Plaintiffs have not sufficiently alleged that Allied, Nationwide, and/or their employees committed acts under the color of state law. See Long, 442 F.3d at 1185. It is true that, in certain cases, private entities may be deemed to have acted under state law, but plaintiffs have not alleged any facts to suggest that theirs is such a case. Although "[a] civil rights plaintiff suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law," Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002), it is well-settled that "even a private entity can, in certain circumstances, be subject to liability under section 1983," Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954 (9th Cir. 2008) (en banc). For instance, "[a] private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (citation and quotation marks omitted). There are four ways to find state action by a private entity for purposes of § 1983: (1) the private actor performs a public function, (2) the private actor engages in joint activity with a state actor, (3) a private actor is subject to governmental

compulsion or coercion, or (4) there is a governmental nexus with the private actor. Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir. 2003).

The joint action test applies where, as here, state officials and private parties are alleged to have acted in concert to effectuate a deprivation of constitutional rights, and focuses on whether "the state has so far insinuated itself into a position of interdependence with the private actor that it must be recognized as a joint participant in the challenged activity." Kirtley, 326 F.3d at 1093 (citation, quotation marks, and modifications omitted). "'This [situation] occurs when the state knowingly accepts the benefits derived from unconstitutional behavior.'" Kirtley, 326 F.3d at 1093 (quoting Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995).) "A conspiracy between the State and a private party to violate another's constitutional rights may also satisfy the joint action test." Brunette v. Humane Society of Ventura County, 294 F. 3d 1205, 1211 (9th Cir. 2002).

Here, the only real "state action" plaintiffs allege is that the Department "ignored" plaintiffs' complaints about Allied and Nationwide and is therefore "just as guilty of [d]iscrimination" as those private entities. (Compl. ¶¶ 40-41.) Plaintiffs also allege that the Department "promulgated the policies and plans and conducted the training which manifests a deliberate indifference to the constitutional rights of . . . Plaintiff[s]." (Id. ¶¶ 51, 61.) However, the allegations that the Department "ignored" plaintiffs' complaints and "promulgated" policies used to regulate private insurance companies are not allegations that support deeming private insurers Allied and Nationwide to be state actors. First, the allegation that the Department allegedly "ignored" complaints is an allegation about the *Department's* conduct, not conduct by Allied or Nationwide that would support treating those private entities as state actors. Second, the allegation that the Department "promulgated" policies and "conducted the training" that violated plaintiffs' rights is, again, an allegation about the *Department's* conduct, not conduct by

////

////

Allied or Nationwide.[5]  Indeed, the *only* allegations in the complaint suggesting any connection between the Department and these private insurers are conclusory allegations that suggest a "conspiracy" between these defendants.

      While "a claim may lie against a private party who is a willful participant in joint action with the State or its agents," a "bare allegation of such joint action" will not suffice to avoid dismissal.  Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008). Plaintiffs have failed to allege facts tending to show that the private insurance companies were acting under color of state law or authority.  See DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000).[6]  Here, plaintiffs have made only the most conclusory of assertions about a "conspiracy" between the Department and Allied and Nationwide.  Plaintiffs have not sufficiently alleged that Allied and Nationwide or their employees acted under color of state law.

      Accordingly, plaintiffs' claims against Allied and Nationwide, as well as Allied employees Steven Weber, Jack Brier, Chris Carlson, and Sophia Williams, are hereby dismissed. However, such dismissal is without prejudice.  Plaintiffs shall have the opportunity to amend their complaint to include factual allegations, if any, that would support treating these private

---

[5] "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." Apao, 324 F.3d at 1095 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974)); Chudacoff v. Univ. Med. Ctr., 649 F.3d 1143, 1149 (9th Cir. 2011) (quoting Jackson). "Statutes and laws regulate many forms of purely private activity, such as contractual relations and gifts, and subjecting all behavior that conforms to state law to the Fourteenth Amendment would emasculate the state action concept." Apao, 324 F.3d at 1095 (citing Adams v. S. Cal. First Nat'l Bank, 492 F.2d 324, 330-31 (9th Cir. 1974).)  "The under color of law requirement of § 1983 has been treated as the equivalent of the state action requirement of the Fourteenth Amendment." Adams, 492 F.2d at 329.

[6] To state a viable claim of conspiracy to violate a plaintiff's constitutional rights under 42 U.S.C. § 1983, "the plaintiff must [allege] specific facts to support the existence of the claimed conspiracy." Burns v. Co. of King, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted). "To establish liability for a conspiracy in a § 1983 case, a plaintiff must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights. [Citation.] 'Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants.' [Citation.] 'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Crowe, 608 F. 3d at 440 (internal citations omitted).

11

defendants as state actors.  Allegations that the Department merely promulgates insurance policies and conducts industry trainings will not suffice as a factual basis for an alleged conspiracy; similarly, conclusory allegations that a "conspiracy" exists between so-called insurance "mafia" will not suffice.  (Compl. ¶ 43.)

### D. Plaintiffs' Third Claim Is Also Deficient For Failure To State A Claim

As noted above, all three of plaintiffs' claims for relief are premised upon Section 1983, and all three claims are deficient for various reasons described above.  As pleaded, however, plaintiffs' third claim is also deficient for another reason: it fails to state a claim.

In their third claim for relief, plaintiffs allege that defendants violated plaintiff Rossoshanskaya's Fourteenth Amendment right to property "in her state granted license as a hairstylist/barber." (Compl. ¶ 66.)  Plaintiffs' third claim alleges that all defendants violated plaintiffs' "Due Process – Property" rights secured by the Fourteenth Amendment to the United States Constitution.  (Compl. at 11.)  In a nutshell, plaintiffs' third claim alleges violations of Section 1983 premised on the denial of due process under the Fourteenth Amendment.

Plaintiffs' third claim for relief is subject to dismissal for failure to state a claim. "A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection." Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 970 (9th Cir. 2010); accord Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2005) ("A procedural due process claim hinges on proof of two elements: (1) a protectible liberty or property interest . . . ; and (2) a denial of adequate procedural protections.") (citation and quotation marks omitted).  It is unclear from plaintiffs' complaint what alleged conduct affected plaintiff Rossoshanskaya's "state granted license as a hairstylist/barber."  None of the factual allegations in the complaint mention such a license or reveal conduct that would conceivably have impacted such license.  Similarly, it is unclear what adequate procedural protection was denied, and which defendant(s) denied it.

Accordingly, plaintiff's third claim for relief is dismissed.  However, such

dismissal is without prejudice.  Plaintiffs shall have the opportunity to amend their complaint to include factual allegations, if any, that would support the legal elements of a procedural due process claim.  Such amendment should include factual allegations detailing how and when plaintiff Rossoshanskaya's hairstylist license was affected by each defendant's alleged action(s).

IV.     CONCLUSION

Based on the foregoing, the undersigned dismisses plaintiffs' complaint. However, plaintiffs will be granted leave to file an amended complaint that complies with Federal Rule of Civil Procedure 8 and corrects the deficiencies addressed herein.  Lopez, 203 F.3d at 1126-27 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Additionally, plaintiffs are informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once plaintiffs file an amended complaint, the original no longer serves any function in the case.  Defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment the original pleading no longer performs any function and is "treated thereafter as non-existent." Id. "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint." New York City Employees' Retirement System v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

Finally, the undersigned cautions plaintiffs that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir.

2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' requests to proceed in forma pauperis (Dkt. Nos. 2-3) are granted.

2. Plaintiffs' claims against defendant "State of California Department of Insurance," are barred by that defendant's Eleventh Amendment immunity. Plaintiffs shall not re-allege any claims against the Department, or against its employees named in their official capacities, in any amended pleading plaintiffs file in response to this order. If plaintiffs continue to pursue claims against the Department within any amended pleading, the undersigned will recommend that such claims be dismissed with prejudice on the Eleventh Amendment immunity grounds described above.

3. Plaintiffs' claims against "Dave Jones – Commissioner of Insurance," and "Craig Witt . . . a Senior Compliance Officer, employed by the Defendant, The California Department of Insurance," are dismissed without prejudice.

4. Plaintiffs' claims against defendant Allied Insurance and its personnel, individual defendants Steven Weber, Jack Brier, Chris Carlson, and Sophia Williams are dismissed without prejudice.

5. Plaintiffs' claims against defendant Nationwide Insurance are dismissed without prejudice.

6. Plaintiffs' third claim for relief is dismissed without prejudice.

7. Plaintiffs are granted thirty (30) days from the date of service of this order

14

to file their amended pleading and to correct for the deficiencies described herein.  The amended complaint must bear the docket number assigned to this case and be labeled "First Amended Complaint."  Plaintiffs must file an original and two copies of the amended complaint.  The court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  See Loux, 375 F.2d at 57.  Accordingly, once plaintiffs file the First Amended Complaint, the original complaint no longer serves any function in the case.  Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: October 21, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE