1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IGOR CHEPEL and
     LYUDMILA ROSSOSHANSKAYA,
11
                    Plaintiffs,                    No. 2:11-cv-2075 GEB KJN PS
12          v.

13   NATIONWIDE INSURANCE COMPANY,
     et al.,
14
                    Defendants.                    FINDINGS AND RECOMMENDATIONS
15   _____/

16          Plaintiff Igor Chepel and plaintiff Lyudmila Rossoshanskaya (collectively, the

17   "plaintiffs") are proceeding in forma pauperis and without counsel in this action.[1]  (Order issued

18   Oct. 21, 2011, Dkt. No. 4 at 14 (granting in forma pauperis status).)

19          Pursuant to the court's screening authority provided in 28 U.S.C. § 1915(e)(2),

20   the undersigned screens plaintiffs' First Amended Complaint to determine whether that pleading

21   should be served on any of the defendants and recommends that the First Amended Complaint be

22   dismissed with prejudice for the reasons stated below.

23   ////

24   ////

25   _____

26          [1]  This case was referred to the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                                    1

I.    BACKGROUND

Plaintiffs filed their original complaint on August 5, 2011.[2]  (Compl., Dkt. No. 1.) The undersigned issued a written order screening that pleading, dismissing plaintiffs' claims without prejudice, and giving plaintiffs leave to file an amended pleading.  (Order issued Oct. 21, 2011, Dkt. No. 4.)

In screening plaintiffs' original complaint, the undersigned ordered that, among other things: Plaintiffs' claims against "Dave Jones – Commissioner of Insurance," and "Craig Witt . . . a Senior Compliance Officer, employed by the Defendant, the California Department of Insurance," were dismissed without prejudice; that claims against defendant Allied Insurance and its personnel, individual defendants Steven Weber, Jack Brier, Chris Carlson, and Sophia Williams were dismissed without prejudice; that claims against defendant Nationwide Insurance were dismissed without prejudice; and that the third claim for relief premised on a "barber" license was dismissed without prejudice.  (Order issued Oct. 21, 2011, Dkt. No. 4 at 14.)  These rulings amounted to dismissal of plaintiff's entire action.  The undersigned's order explained the reasons for such dismissal and informed plaintiffs how they would need to remedy the shortcomings in their pleading in order to surpass the screening stage.  (Id.)

In response to the undersigned's order of October 21, 2011, plaintiffs timely filed a First Amended Complaint.  (First Am. Compl., Dkt. No. 5.)

II.    DISCUSSION

As explained in the undersigned's Order of October 21, 2011, the court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the

_____

[2]  Plaintiff Chepel purports to be plaintiff Rossoshanskaya's uncle, but does not purport to appear on her behalf.  (Dkt. No. 1 ¶ 19.)

2

1    action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

2    monetary relief against an immune defendant.

3           Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a

4    complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing

5    entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071

6    (9th Cir. 2009).  A complaint should be dismissed for failure to state a claim if, taking all

7    well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief

8    that is plausible on its face." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010)

9    (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when

10   the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

11   defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc.,

12   590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The court accepts all facts

13   alleged as true and construes them in the light most favorable to the plaintiff; the court is "not,

14   however, required to accept as true conclusory allegations that are contradicted by documents

15   referred to in the complaint, and [the court does] not necessarily assume the truth of legal

16   conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at

17   1071 (citations and quotation marks omitted).  The court must construe a pro se pleading

18   liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in

19   the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that

20   the plaintiff can correct the defect. See Lopez, 203 F.3d at 1130-31.  Plaintiff has the

21   responsibility to allege facts to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949; Moss

22   v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("bald allegation of impermissible

23   motive" was conclusory and not entitled to an assumption of truth at the pleading stage).

24          Upon review of the First Amended Complaint, the undersigned again dismisses

25   the complaint for failure to comply with the pleading standards described above and for other

26   reasons described in the undersigned's prior order.  (Order issued Oct. 21, 2011, Dkt. No. 4.)

1  This time, the undersigned recommends that such dismissal be with prejudice, as plaintiffs have

2  had the opportunity to amend their pleading and have not corrected the deficiencies described in

3  the undersigned's prior order.

4          Plaintiffs did not make good use of the opportunity to amend their pleading.

5  Indeed, plaintiffs' First Amended Complaint contains almost every deficiency present in their

6  previous pleading, even though the undersigned's prior order highlighted those deficiencies and

7  directed plaintiffs to correct them.  Yet again, plaintiffs' amended pleading does not contain the

8  requisite "state actor" allegations as specifically explained in the undersigned's prior order.  (See

9  Order issued Oct. 21, 2011, Dkt. No. 4 at 8-12.)  Yet again, plaintiffs failed to allege facts

10 sufficient to demonstrate that defendants are "state actors" and/or should be treated as state

11 actors.  (See id. at 8-12 (discussing "joint action test" and other bases for private entities, such as

12 insurance companies, to potentially be treated as "state actors").)  The First Amended Complaint

13 therefore fails to state claims for violations of 42 U.S.C. § 1983 for the same reasons plaintiffs'

14 original pleading failed to do so.  As every one of plaintiffs' claims are rooted in this statute (see

15 e.g., Order issued Oct. 21, 2011, Dkt. No. 4 at 5 n.3), all claims in the First Amended Complaint

16 are deficient.  Similarly, and yet again, plaintiffs' amended pleading lacks factual allegations

17 sufficient to support a conspiracy claim, even though the undersigned's prior order informed

18 plaintiff that conclusory conspiracy allegations would not suffice.  (See id. at 11-12 n.6.)

19 Similarly, the amended pleading does not contain any additional factual allegations explaining

20 plaintiffs' vague "barber" license allegations, even though the undersigned's prior order

21 specifically described the need for those allegations.  (See id. at 12-13.)

22          The only material difference between the two pleadings is that First Amended

23 Complaint properly omitted reference to certain defendants, such as the State of California

24 Department of Insurance and its employees Dave Jones and Craig Witt in their official capacities,

25 ////

26 ////

4

1   in accordance with the undersigned's prior order.[3]  (See Order issued Oct. 21, 2011, Dkt. No. 4 at

2   5-8 (discussing Eleventh Amendment immunity and suit against state employees in their official

3   capacities, and ordering plaintiff to omit such defendants from any amended pleading).)  Beyond

4   this, however, the First Amended Complaint suffers the same material deficiencies as plaintiffs'

5   original pleading.

6          The undersigned's prior order cautioned plaintiffs that their failure to comply with

7   the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a

8   recommendation that this action be dismissed.  (See Order issued Oct. 21, 2011, Dkt. No. 4 at

9   13-14 (citing Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Hells Canyon Preservation

10  Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may

11  dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's

12  failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v.

13  Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local

14  rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro

15

16          [3]  One of the few differences between plaintiff's original and amended pleading is the
    inclusion of two seemingly new claims for relief.  However, the "new" claims are merely
17  repackaged due process claims from the original pleading, and in any event, the claims are
    defective for the same reasons described in the undersigned's prior order.  (Compare Dkt. No. 1
18  (First Claim is "For Violation of Plaintiff's Civil Rights Under Color of State Law, and for
    Conspiracy to Violate his Civil Rights under Color of State Law, Due Process – Liberty Interests
19  – IGOR CHEPEL"; Second Claim is "For Violation of Plaintiff's Civil Rights Under Color of
    State Law, and for Conspiracy to Violate her Civil Rights under Color of State Law, Due Process
20  – Liberty Interests as to Lyudmila Rossoshanskaya"; Third Claim is "For Violation of Plaintiff's
    Civil Rights under Color of State Law and for Conspiracy to Violate his Civil Rights under Color
21  of State Law, Due Process – Property") with Dkt. No. 5 (First Claim is for "Conspiracy to deprive
    Plaintiff, IGOR CHEPEL, of his constitutionally guaranteed rights and to deprive him of the right
22  to make a living in his chosen occupation"; Second Claim is also for "Conspiracy to deprive
    Plaintiff, IGOR CHEPEL, of his constitutionally guaranteed rights and to deprive him of the right
23  to make a living in his chosen occupation"; Third Claim is "For Violation of Plaintiff's Civil
    Rights under Color of State Law, and For Conspiracy to Violate his Civil Rights under Color of
24  State Law, Due Process – Liberty Interests – IGOR CHEPEL"; Fourth Claim is "For Violation of
    Plaintiff's Civil Rights under Color of State Law, and for Conspiracy to Violate her Civil Rights
25  under Color of State Law, Due Process – Liberty Interests as to Lyudmila Rossoshanskaya"; Fifth
    Claim is "For Violation of Plaintiff's Civil Rights under Color of State Law and for Conspiracy
26  to Violate his Civil Rights under Color of State Law, Due Process – Property.")

1  se litigants must follow the same rules of procedure that govern other litigants.")).)

2  III.   CONCLUSION

3       Accordingly, and for the same reasons described in the undersigned's prior order

4  (Order issued Oct. 21, 2011, Dkt. No. 4), the entirety of which is incorporated herein, the

5  undersigned finds that giving plaintiffs yet another opportunity to amend would be futile.  The

6  undersigned recommends that plaintiffs' action be dismissed.  Such dismissal should be with

7  prejudice, because despite having had ample opportunity to correct defects in their pleading,

8  nothing in plaintiffs' First Amended Complaint suggests that plaintiffs could overcome the

9  deficiencies attendant to their claims if given leave to file yet another amended complaint.

10       For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

11       1.   Plaintiffs' Second Amended Complaint be dismissed with prejudice

12  pursuant to the court's screening authority provided in 28 U.S.C. § 1915(e)(2)(B).

13       2.   The Clerk of Court be directed to close this case.

14       These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

16  days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

18  Such a document should be captioned "Objections to Magistrate Judge's Findings and

19  Recommendations."  Any response to the objections shall be filed with the court and served on

20  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

21  Failure to file objections within the specified time may waive the right to appeal the District

22  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

23  1153, 1156-57 (9th Cir. 1991).

24  ////

25  ////

26  ////

6

1          IT IS SO RECOMMENDED.

2     DATED:  September 20, 2012

3

4                                              _____
                                               KENDALL J. NEWMAN
5                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26